SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
ELLEN M. BRONCHETTI, Cal. Bar No. 226975
ebronchetti@sheppardmullin.com
ALEXANDRA H. HEMENWAY, Cal. Bar No. 297888
AHemenway@sheppardmullin.com
Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4109
Telephone:  415.434.9100
Facsimile:   415.434.3947

THOMAS R. KAUFMAN, Cal. Bar No. 177936
1901 Avenue of the Stars, 16th Floor
Los Angeles, California 90067
Telephone:  310-228-3700
Facsimile:   310-228-3701
Email: tkaufman@sheppardmullin.com

Attorneys for Defendant
WELLS FARGO BANK, N.A.

UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATHY BATTERSBY, | Case No.  15-CV-04865-JCS |
| Plaintiff, | **STIPULATION AND PROTECTIVE ORDER RE CONFIDENTIAL INFORMATION; [PROPOSED] ORDER]** |
| v. | |
| WELLS FARGO BANK, N.A.; and DOES 1 through 50, inclusive, | |
| Defendant. | Complaint Filed:  September 22, 2015 |

Plaintiff Kathy Battersby ("Plaintiff") and Defendant Wells Fargo Bank, N.A. ("Wells Fargo" or "Defendant"), through their respective counsel of record, hereby stipulate as follows:

A.   Disclosure and discovery activity in this action has involved, involves, and will likely continue to involve, production of confidential, commercially sensitive, proprietary, trade secret, or private information ("Confidential Documents") for which special protection from public disclosure and from use for any purpose other than litigating this matter would be warranted.

B.   The parties acknowledge that documents designated as Confidential Documents have already been produced by Defendant, and that all such documents (if properly designated under this Agreement) are governed by the terms of this Agreement as set forth herein. The parties further agree and understand that any previously produced documents will be deemed designated Confidential Documents, as defined below, on the effective date of this Agreement.

C.   The parties to this Stipulation and Order, and other parties or non-parties in this litigation, each may assert a claim that documents described herein constitute or contain private or confidential information, which claim may be disputed by one or more parties; and

D.   The parties hereto desire to agree to a protective order for the protection of specified documents produced during the pendency of this action, including those previously produced, and thereafter.

THEREFORE, Plaintiff and Defendant, through their respective counsel of record, stipulate and agree as follows:

1.   <u>Terms</u>. The terms defined in this paragraph shall have the meanings provided. Defined terms may be used in the singular or plural.

   1.1.   "Producing Party" means the party, or person other than a party, being asked to produce or asserting a confidentiality interest in documents designated by that party or person as Confidential Documents.

-1-

1.2.   "Receiving Party" means that party receiving or requesting production of Confidential Documents.

1.3.   "Confidential Documents" means documents pertaining to confidential, commercially sensitive, proprietary, trade secret or private information, which information the Producing Party believes in good faith to be protected under relevant provisions of California law regarding (1) private information of the producing party and/or third parties, (2) confidential, commercially sensitive or proprietary information, (3) information affecting third-party privacy rights of current or former Wells Fargo employees and (4) trade secrets, including all pleadings, motions, affidavits and related papers, all documents produced or exchanged in the course of this action or any settlement negotiations, and all transcripts and testimony given in depositions, in hearings or at trial.

1.4.   "Outside" means a person who is not an employee of the Receiving Party, and shall include law firms retained by the Receiving Party.

1.5.   "Termination" means the dismissal of this action, or entry of final judgment or expiration of all periods to appeal or seek judicial review of this action.

2.   <u>Use of Confidential Documents</u>.  All material designated as Confidential Documents may be disclosed only to the following persons:

2.1.   the Court and its personnel;

2.2.   the parties and their counsel, including investigators and support staffs employed by counsel or the parties;

2.3   witnesses at deposition;

2.4.   court reporters or translators;

2.5.   persons retained by the parties as experts or consultants, whether designated or being considered for designation; and

2.6.   any other person as to whom the parties agree in writing.

No Confidential Document may be, directly or indirectly, in whole or in part, to any individual described in Paragraph 2.5 until the individual has been given a copy of

this order and signed a Confidentiality Agreement in the form attached hereto as Exhibit A, which Confidentiality Agreement shall be retained by Outside counsel of record for Receiving Party.

3. Except as set forth in this Stipulation and Order, all material designated as Confidential Documents shall be used solely for the purposes of this litigation and shall not be used for any other purpose, including, without limitation, any business or commercial purpose, dissemination to the media, or in a manner that interferes with the privacy rights of current or former Wells Fargo employees.  The terms of this Stipulation and Order shall not apply to or restrict the disclosure or use by a Producing Party of the Producing Party's own Confidential Documents.

4. Confidential Documents shall be designated specifically by either marking the document or thing as "CONFIDENTIAL AND/OR PROPRIETARY" or by designating, in writing, the identity of the document and the Bates stamp number which has been assigned to it at the time of production or other use.  The parties acknowledge and agree that documents designated as Confidential and/or Proprietary (i.e. as Confidential Documents) prior to the execution of this Agreement have been properly designated under this Agreement and subject to the terms herein.

5. The inadvertent failure to designate documents as Confidential Documents prior to or at the time of disclosure shall not operate as a waiver of a party's right to designate such documents as Confidential Documents within thirty (30) days after such disclosure, or after notice of such disclosure, or after execution by the party of this Stipulation and Order, whichever is later.  In the event that documents are designated as Confidential after disclosure but within the thirty (30) day period allowed in this Paragraph, the Receiving Party shall employ reasonable efforts to ensure that all previously disclosed information is subsequently treated as Confidential Documents pursuant to the terms of this Stipulation and Order.

6. Deposition transcripts may be designated as Confidential Documents by indicating on the record at the deposition that the specified part of the testimony

(including the entire testimony given or to be given by a witness) and/or all or any part of the document or thing marked for identification at such deposition subject of the provisions of this Stipulation and Order.  The Producing Party may, within 30 days after an undesignated deposition transcript is actually received by counsel for each party, specifically designate information contained in the transcript as a Confidential Document, whether or not previously so designated, by notifying all parties in writing of any specific pages and lines of the transcript which contain confidential information.  Each party shall attach a copy of such written statement to the face of the transcript and each copy thereof in its possession, custody or control.  Insofar as any designation made of the entire testimony or documents, the Producing Party shall use the best practicable efforts to un-designate, as appropriate, portions thereof within 30 days after the transcripts or documents is actually received by the Receiving Party.

7. The Receiving Party shall not be obligated to challenge the propriety designation of the Confidential Documents designation at the time made and the failure to do so at that time shall not operate as a waiver of its right to request the Court to determine the propriety of the designation or in any way preclude a subsequent challenge to such designation.  If a party disagrees at any stage of these proceedings with the Producing Party's designation of Confidential Documents, the parties shall first try to resolve such dispute in good faith on an informal basis, through reasonable meet and confer discussions.  If a dispute cannot be resolved, the Receiving Party may seek appropriate relief from this Court, and the Producing Party shall have the burden of proving that a Confidential Document should be confidential.  To the extent a party wishes to challenge the confidential designation of documents produced prior to the execution of this Agreement, a party may do so following the effective date of this Agreement.

8. Should any Confidential Documents be disclosed, through inadvertence or otherwise, to any person or in any circumstances not authorized under this Stipulation and Order, then the disclosing party must immediately (a) notify in writing to the Producing Party of the unauthorized disclosures, (b) use its best efforts to retrieve all

-4-

copies of the Confidential Documents, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Stipulated Protective Order, and (d) request such person or persons to execute the Confidentiality Agreement that is attached hereto as Exhibit A.

9. If any party objects at any time to specific application of any provision of this Stipulation and Order, that party may seek to amend such provision. However, before seeking any modification the party shall attempt to resolve the issue with other parties by a stipulated amended order.

10. This Stipulation and Order shall not be construed as a waiver by the parties of any objection which might be raised as to the admissibility of any evidentiary material. This Stipulation and Order shall be without prejudice to the rights of any person to oppose production of any information on any proper ground.

11. Where any Party to the Stipulation and Order wishes to include any Confidential Document (or information derived therefrom) in any motion or other filing, that Party shall contact the other to meet and confer on the inclusion of such documents/information in the motion or filing. During such meet and confer discussions, the Parties will discuss mutually agreeable means of using said Confidential Document(s) (or information derived therefrom) without having to seal all or parts of relevant motions or filings. By way of examples only, the Parties may meet and confer on mutually agreeable redactions, or mutually agreeable exceptions, to avoid the need for a motion to seal.

12. Where no mutual agreement is possible under Paragraph 11, above, and any Confidential Document (or information derived therefrom) is included in any motion or other proceeding governed by the Federal Rules of Evidence, the Parties and any involved non-party shall follow those rules.

13. Except as filed with the Court in accordance with this Stipulation and Order, and as produced in deposition pursuant to this Stipulation and Order, all documents and things designated Confidential Documents shall be maintained by the parties, their

1  counsel, or a person authorized to view Confidential Documents under Paragraph 2, and
2  who has executed the appropriate Confidentiality Agreement.  Within 30 days after
3  Termination of this action, the original and all copies of each document and thing
4  produced by the Producing Party to a Receiving Party or given to any other person
5  pursuant to this Stipulation and Order, which contains Confidential Documents, shall be
6  returned for destruction to the counsel of record for the Producing Party.  The Parties agree
7  that the foregoing provision does not apply to notes, summaries, digests and synopses of
8  the Confidential Documents which would be protected by the attorney-work product
9  doctrine or attorney-client privilege, as well as documents required to be retained as part of
10 a client file, but agree that such privileged documents will continue to be treated as
11 containing confidential information.  After Termination of this action, counsel of record
12 for the Receiving Party shall retain all Confidentiality Agreements signed pursuant to
13 paragraph 2 above, and shall then deliver a copy thereof to the Producing Party on request
14 at any time thereafter.

15         14.    Insofar as the provision of this Stipulation and Order restrict the use
16 or communication of any document or information produced hereunder, this Stipulation
17 and Order shall continue to be binding after the Termination of this action and the Court
18 shall retain jurisdiction over all persons and parties bound by this Stipulation and Order for
19 the purposes of its enforcement.

20         15.    Nothing in this Stipulation and Order is intended to be construed as
21 authorizing or encouraging a Receiving Party in this action to disobey a lawful subpoena
22 issued in another action.

23         **IT IS SO STIPULATED.**

1 | Dated: February ___, 2016

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By  _____/S/_____
 ELLEN M. BRONCHETTI
 ALEXANDRA HEMENWAY

Attorneys for Defendant
WELLS FARGO BANK, N.A.

LAW OFFICES OF RANDAL M. BARNUM

By  _____/S/_____
 RANDAL M. BARNUM
 CARRIE H. CROXALL
 LINDSAY R. BATCHA

Attorneys for Plaintiff
KATHY BATTERSBY

# [~~PROPOSED~~] PROTECTIVE ORDER

Pursuant to and in accordance with the foregoing Stipulation Re Confidential Information ("Stipulation"), submitted by the parties to this Court, and good cause appearing for the request, the Court hereby GRANTS the parties' request and enters an order that any documents or information designated as confidential (as provided by the parties' Stipulation) shall be subject to the provisions of their Stipulation and this Protective Order.

**IT IS SO ORDERED.**

Dated: February 22, 2016

_____
United S[tates]

GRANTED
Jacqueline Scott Corley
Judge Jacqueline Scott Corley
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

# EXHIBIT A

**CERTIFICATION RE CONFIDENTIAL DISCOVERY MATERIALS**

I hereby acknowledge that I, _____[NAME], _____ [POSITION AND EMPLOYER], am about to receive Confidential Documents supplied in connection with the Proceeding, *Kathy Battersby v. Wells Fargo Bank, N.A.,* Case No. 15-CV-04865-JCS. I certify that I understand that the Confidential Documents are provided to me subject to the terms and restrictions of the Stipulation and Protective Order filed in this Proceeding. I have been given a copy of the Stipulation and Protective Order; I have read it, and I agree to be bound by its terms. I understand that the Confidential Documents, as defined in the Stipulation and Protective Order, including any notes or other records that may be made regarding any such materials, shall not be Disclosed to anyone except as expressly permitted by the Stipulation and Protective Order. I will not copy or use, except solely for the purposes of this Proceeding, any Confidential Documents obtained pursuant to this Stipulation and Protective Order, except as provided therein or otherwise ordered by the Court.

I further understand that I am to retain all copies of all Confidential Documents provided to me in the Proceeding in a secure manner, and that all copies of such materials are to remain in my personal custody until termination of my participation in this Proceeding, whereupon the copies of such materials will be returned to counsel who provided me with such materials.

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.

DATED:_____ BY: _____
                                                   Signature

                                                   _____
                                                   Address, City, State, Zip